(No. 15997.—Judgment affirmed.)
THE PEOPLE ex rel. Alva Shrout, County Collector, Appel-
lee, vs. FRANK KLINE, Appellant.

*Opinion filed June 17, 1924.*

TAXES—*when judgment for school tax will be presumed valid—
bill of exceptions.* Where there is no bill of exceptions in the rec-
ord showing evidence in support of objections to a school tax on
the ground that the district had been declared void, it will be pre-
sumed that the objections were not well founded and that the judg-
ment overruling them is right.

APPEAL from the County Court of Christian county;
the Hon. C. J. VOGELSANG, Judge, presiding.

HOGAN & REESE, for appellant.

E. E. DOWELL, State's Attorney, and LESLIE J. TAYLOR,
for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the
court:

The board of education of Morrisonville Community
High School District No. 307, in Christian county, made
its tax levy in the fall of 1922 and the tax was thereafter
extended against the property in the district. Appellant
refused to pay the taxes extended against his property and
they were returned as delinquent. The county collector
asked for judgment, and appellant objected on the ground
that the district had been declared void in a *quo warranto*
proceeding and did not exist. The collector made a *prima
facie* case, the objections were overruled and judgment
was entered. This appeal followed.

The transcript of record filed in this court contains no
bill of exceptions. There is nothing before us to show that
any evidence was heard in support of the objections. From
all that appears in this record the district is a valid existing
district and all the proceedings to levy and extend the tax

were regular. In the absence of a showing to the contrary it will be presumed that the objections were not well founded and that the judgment of the court overruling them is right.

*Judgment affirmed.*

---

(No. 15708.—Decree affirmed.)

ELIZABETH MOULTON *et al.* Appellants, *vs.* GUY DE GUIBERT, Appellee.

*Opinion filed June 17, 1924.*

1. HIGHWAYS—*what does not show existence of a public highway—injunction.* Where the evidence shows that the use of a roadway through a pasture to the lands of adjoining owners was upon condition that the gate in the fence which had been constructed across the roadway be kept closed, and where there was no original common owner of all lands involved so as to give a right of way by necessity, the owner of the pasture cannot be enjoined from obstructing the roadway, even though some work had been done on the road, which, however, was not of the character and extent of work done on public roads.

2. SAME—*burden is on claimant to prove a public highway by prescription.* The fact that a passageway is closed by a fence does not preclude the acquiring of an easement by prescription where the gates in the fence do not interfere with the free use of the passageway for the purpose for which it was intended, but the burden of proof is upon the party claiming the existence of a public highway to show that the way is public.

3. SAME—*user must be under claim of right to establish highway by prescription.* Mere user of a roadway, to establish a highway by prescription, must be under a claim of right by the public and not by mere acquiescence of the owner.

APPEAL from the Circuit Court of Woodford county; the Hon. STEVENS R. BAKER, Judge, presiding.

ORMAN RIDGELY, for appellants.

W. L. ELLWOOD, for appellee.